UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Noe Bladimir MERCADO ESCOBAR,<br><br>    Plaintiff,<br><br>vs.<br><br>Denis C. RIORDAN, District Director of Boston District Office of U.S. Citizenship and Immigration Services;<br><br>Chad F. WOLF, Acting Secretary of the U.S. Department of Homeland Security;<br><br>Kenneth T. CUCCINELLI, Acting Director of U.S. Citizenship and Immigration Services;<br><br>William P. BARR,<br>in his official capacity as Attorney General of the United States;<br><br>    Defendants. | Civil Action No: _____<br><br>Case No: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

NOW COMES Plaintiff Noe Bladimir Mercado Escobar ("Plaintiff" or "Mr. Escobar") and complains of the defendants as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this Action to challenge the denial of his I-485, Application to Register Permanent Residence. Defendant, United States Citizenship & Immigration Services (USCIS), denied his application claiming that he was not "inspected and admitted" within the meaning of the Immigration & Nationality Act (INA), and therefore did not qualify to adjust his status to that of a lawful permanent resident (LPR). Neither Plaintiff nor his

counsel ever received notice of the denial, even though they had fully briefed the issue of his eligibility. Plaintiff seeks a declaration that Defendants' action violated the Administrative Procedures Act (APA) because the denial was arbitrary and capricious. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-485 application.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal jurisdiction question) and 2201 (action seeking a declaratory judgment).

3. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

4. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-485 application has adversely affected his ability to obtain LPR status in the United States. Mr. Mercado thus falls within APA's standing provisions.

## VENUE

5. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. §§ 1391(b), (e).

## PARTIES

6. Plaintiff is a native and citizen of El Salvador. He was born in La Unión, El Salvador, on April 30, 1991. He first arrived in the United States on or around December 1, 1999 and

has resided here ever since. He has never left the United States. He obtained Temporary Protected Status (TPS) in 2001 and has held that status since that time.

7. Plaintiff has been married to Ashley Ann Mercado ("Mrs. Mercado"), a natural-born U.S. Citizen, since January 2, 2018. On January 19, 2018, Mrs. Mercado filed an I-130, Petition for Alien Relative, on his behalf. Concurrently, Mr. Mercado filed an I-485, Application to Register Permanent Residence. If approved, this would allow him to obtain permanent residence (a "green card," in common parlance), allow him to legally live and work in the United States on a permanent basis, and provide him with a path towards U.S. citizenship.

8. Defendant Chad F. Wolf is the Acting Secretary of Homeland Security ("DHS"), which is the cabinet department responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS. He is sued in his official capacity.

9. Defendant Kenneth T. Cuccinelli is the Acting Director of USCIS. He is charged with supervisory authority over all operations of USCIS. He is sued in his official capacity.

10. Defendant Denis C. Riordan is District Director of USCIS's Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Mr. Mercado. He is sued in his official capacity.

11. Defendant William P. Barr is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## FACTS

12. As stated, Plaintiff is the spouse of a U.S. Citizen and an applicant for lawful permanent residence. He immigrated from El Salvador when he was eight years old. He has lived in the United States for over twenty years. He is married to a natural-born U.S. Citizen, Ashley Ann Mercado, and they live in East Boston, Massachusetts.

13. The Attorney General may grant TPS to designated foreign nationals living in the United States who cannot safely return to their countries due to events such as armed conflict or natural disaster. 8 U.S.C. § 1254a(b)(1). In 2001, the Attorney General designated El Salvador for TPS following two deadly earthquakes. 66 FR 14214. In order to receive TPS, applicants had to present evidence that they had been "continuously physically present" in the U.S. since March 9, 2001. *Id.*

14. Under the Immigration & Nationality Act, foreign nationals married to U.S. Citizens may adjust their status to that of a lawful permanent resident. They are considered "immediate relatives" and are not subject to the annual numerical limits imposed on some visa categories. 8 U.S.C. § 1151. There are two main components to a marriage-based adjustment of status application: the spousal petition and the application for adjustment of status. The U.S. Citizen spouse files a Petition for Alien Relative on USCIS Form I-130, while the Foreign National Spouse files an Application to Register Permanent Residence or Adjust Status on USCIS Form I-485. These forms are usually filed simultaneously.

15. While an approved I-130 is a necessary prerequisite to granting the I-485, the Foreign National spouse must still demonstrate that he meets additional eligibility criteria under the Adjustment statute. One such requirement is demonstrating that he was "inspected and admitted" to the United States. 8 U.S.C. § 1255(a). The District of Massachusetts has

held that a grant of TPS is an "inspection and admission" for the purposes of 8 U.S.C. § 1255(a). *Bhujel v. Wolf*, 444 F.Supp. 3d 268 (2020) (holding that TPS is an "admission" within the meaning of the INA and citing *Flores v. USCIS*, 718 F.3d 548 (6th Cir. 2013) and *Ramirez v. Brown*, 852 F.3d 954 (9th Cir. 2017)).

16. Plaintiff filed his I-485, Application to Adjust Status on January 19, 2018. No grounds of inadmissibility applied to him; he met all the requirements to adjust status. *See generally* 8 U.S.C. § 1182.

17. On February 21, 2018, Plaintiff received a Request for Evidence (RFE) from USCIS. The Agency requested that Plaintiff provide them with "[e]vidence of your lawful admission or parole into the United States. Such evidence includes, but is not limited to, Form I-94, Arrival and Departure Record, Form I-512 with completed arrival stamp, or a copy of the nonimmigrant visa page of your passport showing admission into the United States." Request for Evidence, p. 1. The RFE allowed Plaintiff eighty-seven (87) days to respond; as such, the deadline to respond to the RFE was May 19, 2018.

18. Plaintiff responded to this RFE on March 29, 2018, thirty-six (36) days after the Agency issued the RFE and well within the time period USCIS allotted him. In support of his response to the RFE, Plaintiff attached a memorandum of law arguing that TPS constituted an "admission." In this memorandum, he cited the precedents established in *Flores v. USCIS* and *Ramirez v. Brown, supra*. He also attached a copy of his (at the time) most recent TPS renewal notice.

19. On December 3, 2018, Plaintiff contacted USCIS and submitted a service request stating that his case was outside of normal processing time. He was told to expect a reply by December 25, 2018, but USCIS did not respond to this request.

20. On July 2, 2019, Plaintiff contacted USCIS and submitted a second service request stating that his case was outside of normal processing time. He was told to expect a reply by July 24, 2019, but USCIS did not respond to this request.

21. On March 6, 2020, Plaintff contacted USCIS and submitted a third service request stating that his case was outside of normal processing time. He was told to expect a reply by March 28, 2020, but USCIS, once again, did not respond to this request.

22. Mrs. Mercado's I-130 Petition was approved on April 14, 2020; at this point the couple still had not received any indication that the I-485 had been denied.

23. When *Bhujel v. Wolf* was decided in 2020, settling the question in the First Circuit of whether TPS constituted an "admission," Plaintiff's counsel sent a follow-up memorandum to USCIS, which was mailed out on April 28, 2020. This follow-up memorandum received no reply.

24. On July 28, 2020, Plaintiff contacted USCIS and submitted a fourth service request stating that his case was outside of normal processing time. USCIS responded to this communication on August 11, 2020 stating that the National Benefits Center had denied his application on October 11, 2018.

25. Without first issuing a Notice of Intent to Deny (NOID) – or indeed, notifying either Plaintiff or Plaintiff's counsel – USCIS denied his application for adjustment of status.

26. Since the date that USCIS claims to have denied Plaintiff's application, Plaintiff contacted USCIS five times. Plaintiff only received one response from USCIS out of those five communications, which was two years after the date of the decision.

27. USCIS's online case system still indicates that the application is pending. The USCIS online case status currently reads, "On April 4, 2018, we received your response to our

Request for Evidence for your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC1890547170. USCIS has begun working on your case again. We will send you a decision or notify you if we need something from you."

28. Counsel for Plaintiff sent an email to Jason Sadler, a USCIS official, seeking more information and Plaintiff never received any decision or notice indicating that his application had been denied. (See Exhibit A, Correspondence Between Counsel and USCIS)

29. As of the date of this Complaint, Plaintiff has yet to receive a decision from USCIS and, thus, was never provided the opportunity to appeal or respond to USCIS regarding his application.

30. The Department of Homeland Security (DHS) has not placed Plaintiff in removal proceedings. Thus, USCIS has sole jurisdiction to adjudicate Plaintiff's application for adjustment of status. 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1).

## COUNT ONE
**(Violation of The Administrative Procedure Act)**

31. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

32. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.*

33. The documents that Plaintiff submitted to USCIS established his entitlement to adjustment of status as the immediate relative of a U.S. Citizen who had been inspected and admitted to the United States.

34. Defendants denied Plaintiff's petition because they failed to properly interpret and apply the requirements of 8 U.S.C. § 1255(a) and the District Court's holding in *Bhujel v. Wolf*, *supra*.

35. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by denying Mr. Mercado's I-485 Application.

36. Mr. Mercado has exhausted all administrative remedies available to him as of right.

37. Mr. Mercado has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays that this Court grant the following relief:

1. Reverse Defendant's decision denying relief and grant Plaintiff's I-485 application;
2. Declare that TPS is an "admission" for the purposes of 8 U.S.C. § 1255(a) and that Mr. Mercado is therefore eligible to adjust his status in the United States;
3. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,
4. Order any further relief this Court deems just and proper.

### OR, in the alternative:

1. Declare Defendants' denial of Plaintiff's I-485 application to be in violation of the Administrative Procedure Act and order USCIS to immediately reopen and adjudicate Plaintiff's I-485 application;
2. Declare that TPS is an "admission" for the purposes of 8 U.S.C. § 1255(a) and that Mr. Mercado is therefore eligible to adjust his status in the United States;
3. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

4. Order any further relief this Court deems just and proper.

Dated: November 12, 2020

Respectfully Submitted,

Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com